UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIS ANDING | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE |
| ACE AMERICAN INSURANCE | * | |
| COMPANY, RUAN TRANSPORT | * | |
| CORPORATION AND | * | MAGISTRATE |
| CARL A. GREER | * | |
| | * | |
| * * * * * * * * * * * * * * | | **JURY TRIAL** |

## PETITION FOR REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, CARL A. GREER, RUAN LOGISTICS CORPORATION, and ACE AMERICAN INSURANCE COMPANY, and allege and aver, as follows:

1.

The above entitled case has been filed in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Civil Docket Number 721887, Sec. "31", and is now pending therein. The original *Petition for Damages* was filed on August 4, 2022.

2.

Citation and a copy of the original *Petition for Damages* was mailed to CARL A. GREER via the Louisiana Long Arm Statute on or about August 13, 2022. Citation and a copy of the original *Petition for Damages* was served on CARL A. GREER via the Louisiana Long Arm Statute on a date subsequent to August 13, 2022.

3.

Citation and a copy of the original *Petition for Damages* was served on RUAN LOGISTICS CORPORATION through its agent for service of process on or about August 12, 2022.

4.

Citation and a copy of the original *Petition for Damages* was served on ACE AMERICAN INSURANCE COMPANY, through the Office of the Louisiana Secretary of State, on or about August 10, 2022.

5.

The aforementioned suit is a civil action filed by Plaintiff, CURTIS ANDING.

6.

Plaintiff, CURTIS ANDING, seeks an award of damages against Defendants for injuries and damages allegedly arising out of an automobile accident that occurred on or about February 3, 2022 on Highway 3110 in Natchitoches Parish, State of Louisiana.

7.

Plaintiff, CURTIS ANDING, is a person of the age of majority domiciled in the Parish of Natchitoches, and he is a citizen of the State of Louisiana.

8.

Defendant, CARL A. GREER, is a person of the full age of majority and is a citizen of the State of Texas.

9.

Defendant, RUAN LOGISTICS CORPORATION, is a foreign company with its place of incorporation and its principal place of business in the State of Iowa.

10.

Defendant, ACE AMERICAN INSURANCE COMPANY, is a foreign insurance company with its place of incorporation and its principal place of business in the Commonwealth of Pennsylvania.

11.

Defendants allege this Honorable Court has original jurisdiction over the entitled and numbered cause pursuant to Article III of the United States Constitution and 28 U.S.C. §1332, and that Plaintiff is diverse from all Defendants named in the *Petition for Damages* and, upon information and belief, that the alleged damages of Plaintiff, CURTIS ANDING, exceed $75,000.00, exclusive of interest and costs.

12.

Plaintiff's *Petition for Damages* alleges that Defendant, CARL A. GREER, was operating a vehicle owned by RUAN LOGISTICS CORPORATION and insured by ACE AMERICAN INSURANCE COMPANY, and he caused an accident in which Plaintiff, CURTIS ANDING, suffered "severe and disabling injuries and was admitted to the

ICU." Plaintiff further alleges that his injuries include, but are not limited to, the following:

1) Traumatic brain injury;
2) Subdural hematoma;
3) Scalp laceration;
4) Severe headaches;
5) Memory impairment;
6) Cognitive impairment;
7) Confusion;
8) Dizziness/Vertigo;
9) Neck pain;
10) Spine injury requiring a 5-level spinal fusion;
11) Shoulder pain;
12) Arm pain;
13) Elbow pain;
14) Wrist pain;
15) Back pain;
16) Hip pain;
17) Leg pain;
18) Knee pain;
19) General soreness to the body as a whole; and

20) Other injuries which will be more fully established at trial.

**Exhibit "A"** – *Petition for Damages*.

13.

In addition to the foregoing, Plaintiff, CURTIS ANDING, claims that the accident caused him to suffer damages, including:

1) Physical pain and suffering – past, present, and future;

2) Mental pain, anguish, and distress - past, present, and future;

3) Loss of enjoyment of life - past, present, and future;

4) Disability - past, present, and future;

5) Medical expenses - past, present, and future. Plaintiff's medical expenses are currently more than $250,000.00 and continue to increase daily;

6) Lost wages - past, present, and future;

7) Loss of earning capacity - past, present, and future;

8) Scarring;

9) Loss of household services – past, present and future;

10) Property Damage; and

11) Other elements of damages to be more fully set forth at the trial of this matter.

**Exhibit "A"** – *Petition for Damages*.

14.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought. Plaintiff's original *Petition for Damages*

does not comply with the Louisiana Code of Civil Procedure in that it does not contain a general allegation that the claim is more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by La.C.C.P. art. 893(A)(1).

15.

Notwithstanding the absence of a general allegation that Plaintiff's claim is more or less than the requisite amount for federal court diversity jurisdiction, the *Petition for Damages* does contain multiple allegations evidencing that the total amount in controversy of Plaintiff's claim in the above-entitled matter exceeds $75,000.00, exclusive of interest and legal costs.

16.

For example, in Paragraph 8 of the *Petition for Damages*, Plaintiff alleges, in pertinent part:

> Petitioner, **CURTIS ANDING**, claims the following damages as a result of this collision and his injuries:
>
> \*   \*   \*
>
> 5) Medical expenses – past, present and future. Plaintiff's medical expenses are currently more than $250,000.00 and continue to increase daily;

**Exhibit "A"** – *Petition for Damages*.

The allegation of medical expenses incurred to date in excess of $250,000.00 is sufficient, in an of itself, to evidence that the total amount in controversy of Plaintiff's claim in the above-entitled matter exceeds $75,000.00, exclusive of interest and legal

costs. The allegation of entitlement to additional special damages including, but not limited to, additional medical expenses; lost wages – past, present and future; loss of earning capacity – past, present and future; loss of household services – past, present and future; and property damage, further buttress the assertion herein that the total amount in controversy of Plaintiff's claim in the above-entitled matter exceeds $75,000.00, exclusive of interest and legal costs.

17.

Moreover, Plaintiff further alleges in Paragraph 7 of the *Petition for Damages* that he has suffered a multitude of severe physical injuries as a result of the subject accident, including, but not limited to, traumatic brain injury, subdural hematoma, severe headaches, memory impairment, cognitive impairment, spine injury requiring 5-level spinal fusion, and so on. **Exhibit "A"** – *Petition for Damages*. Louisiana courts have held that in cases with less severe injuries than those alleged by Plaintiff, CURTIS ANDING, the damages may exceed $75,000. See, e.g., *Campbell v. Webster Parish Police Jury,* 36,391 (La. App. 2 Cir. 9/18/02); 828 So.2d 170 (Plaintiff with cervical and lumbar *soft tissue* injuries and post-accident headaches was awarded $75,000 in general damages, exclusive of medical specials and without claiming wage loss); *White v. Progressive Security Ins. Co.*, 2008-962 (La. App. 3 Cir. 2/4/09), 6 So.3d 860 (Plaintiff was awarded $60,000 in general damages, exclusive of medical expenses, which were less than $7,000, for *soft tissue* injuries to her neck only); *Collier v. Benedetto*, 04-1025, 04-1026 (La. App. 5 Cir. 2/15/05), 897 So.2d 775 (Plaintiff was awarded $75,000 in general damages, exclusive of medical expenses or lost wages, for cervical disc injuries

that were treated conservatively); *Williams v. Terrebonne*, 2013 WL 5423769 (32nd Jud. Dist. Ct.. 8/8/13), 933 So.2d 187 (Plaintiff was awarded over $50,000 in general damages for a *lumbar strain* only); *Hammons v. St. Paul*, 2012-0346 (La. App. 4th Cir. 9/26/12), 101 So. 3d 10006 (awarding $160,000 total damages in rear end collision case in which torn cervical disc was involved); *Hobgood v. State Farm Auto Ins. Co.*, 2014-0581 (La. App. 4th Cir. 12/17/14); 156 So. 3d 1244 (affirming award of $111,000 in total damages in case involving bulging lumbar discs); *Cortez v. Zurich Ins. Co.*, 98 2059 (La. App. 1 Cir. 12/28/99); 752 So.2d 957 (affirming the jury's awards totaling $215,000 in general damages for anterior cervical fusion, severe headaches, chronic neck pain, mild carpal tunnel, and psychological damages); *Thibodeaux v. Wal-Mart Stores, Inc.*, 98 0556 (La. App. 1 Cir. 4/1/99); 729 So.2d 769 (affirming Court's grant of JNOV increasing general damages to $150,000 for Plaintiff who underwent a three level cervical fusion and suffered with headaches and bladder leakage); *Flich v. Vintage Petroleum, Inc.*, 94-346 (La. App. 3 Cir. 11/2/94); 652 So.2d 998 (affirming award of $150,000 in general damages for three level cervical fusion, partially successful; residual chronic pain; and 50% cervical spine loss of function); *Matos v. Clarendon Nat. Ins. Co.*, 00 2814 (La. App. 1 Cir. 2/15/02); 808 So.2d 841 (affirming award of $265,000 to Plaintiff who underwent two level lumbar microdiscectomy and decompression surgery and who would likely undergo a two level lumbar fusion surgery, among other injuries); *Jack v. Eldorado-Casino Shreveport*, 52,454 (La. App. 2 Cir. 1/16/19); 264 So.3d 599 (awarding general damages of $246,000 for two level 360 degree lumbar fusion with replacement of three discs with artificial discs and residual symptoms that may require injections); and,

*Baack v. McIntosh*, 19-657 (La. App. 3 Cir. 7/29/20); 304 So.3d 881 (Court of Appeal overturned denial of insurance coverage and awarded $425,000 in general damages for multilevel back fusion with cages and significant alteration of recreational and work activities) . The jurisprudence is replete with awards that far exceed $75,000 for damages such as those claimed by Plaintiff, CURTIS ANDING, in this case.

18.

It reasonably appears that the alleged injuries and damages claimed by Plaintiff, CURTIS ANDING, as outlined above, exceed the sum of $75,000, exclusive of interest and costs.

19.

Accordingly, Defendants, CARL A. GREER, RUAN LOGISTICS CORPORATION, and ACE AMERICAN INSURANCE COMPANY, are entitled to remove this case to this Honorable Court for disposition pursuant to the removal provisions of 28 U.S.C. §1441 *et seq*., as amended.

20.

The time in which Defendants herein may file a *Petition for Removal* in order to properly remove this case has not yet expired. This *Petition for Removal* is filed within thirty days of service of Citation and the original *Petition for Damages* upon all Defendants, which was the first instance in which Defendants were provided sufficient written justification that the amount in controversy for Plaintiff's claim exceeds the jurisdictional minimum.

21.

Defendants file herewith a copy of all process, pleadings, and orders served upon them in this action, *in globo*, as **Exhibit "B"**.

22.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate *Notice of Removal* to Plaintiff, CURTIS ANDING, and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, by filing of this *Petition for Removal* and the *Notice of Filing of Petition for Removal* into the record of the state court action.

## JURY DEMAND

23.

Defendants, CARL A. GREER, RUAN LOGISTICS CORPORATION, and ACE AMERICAN INSURANCE COMPANY, are entitled to and request a trial by jury on all issues herein.

**WHEREFORE**, Defendants, CARL A. GREER, RUAN LOGISTICS CORPORATION, and ACE AMERICAN INSURANCE COMPANY, pray that the suit entitled, "*Curtis Anding versus ACE American Insurance Company, Ruan Transport Corporation and Carl A. Greer*," now pending in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and bearing Docket Number 721887, Sec. "31", be removed to this, the United States District Court for the Middle District of Louisiana, and for trial by jury and all just and equitable relief as allowed by law.

Respectfully submitted:

PERRIER & LACOSTE, L.L.C

*/s/ Ralph G. Breaux*

_____
**GUY D. PERRIER, ESQ. (#20323)**
**RALPH G. BREAUX, ESQ. (#24314)**
**KRISTOPHER M. GOULD, ESQ. (#33860)**
**CORY T. STUART, ESQ. (#33394)**
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Telephone:  (504) 212-8820
Direct:  (504) 212-8832
Facsimile:  (504) 212-8825
Email: rbreaux@perrierlacoste.com

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CURTIS ANDING | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE |
| ACE AMERICAN INSURANCE COMPANY, RUAN TRANSPORT CORPORATION AND CARL A. GREER | * * * * | MAGISTRATE |
| * * * * * * * * * * * * * | | **JURY TRIAL** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was this day forwarded to:

> Richard F. Zimmerman III, Esq.
> GORDON MCKERNAN INJURY ATTORNEYS
> 5656 Hilton Avenue
> Baton Rouge, Louisiana 70808

either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, via facsimile transmission, or via email transmission.

New Orleans, Louisiana, this 9th day of September, 2022.

*/s/ Ralph G. Breaux*
_____
**RALPH G. BREAUX, ESQ. (#24314)**