UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CURTIS ANDING**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 22-627-SDD-RLB**

**ACE AMERICAN INSURANCE
COMPANY, ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery Responses from Defendants, Ace American Insurance, Ruan Transport Corporation, and Carl A. Greer ("Motion to Compel") filed on January 24, 2023. (R. Doc.22). The motion is opposed. (R. Doc. 24). Plaintiff filed a reply. (R. Doc. 27).

Also before the Court is Ruan Transport Corporation's Motion for Protective Order filed on February 14, 2023. (R. Doc. 23). The motion is opposed. (R. Doc. 29).

Also before the Court on Defendants' Motion for Extension of Time to Provide Them with Reciprocal Extension of Deadline to Submit Expert Reports (R. Doc. 33). The time to file any opposition has expired. Accordingly, this motion is unopposed.

**I.     Background**

On August 4, 2022, Curtis Anding ("Plaintiff") initiated this action by filing a "Petition for Damages" ("Petition") in the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, naming as defendants, Ace American Insurance ("Ace"), Carl A. Greer ("Greer"), and Ruan Transport Corporation ("Ruan") (Ace, Greer, and Ruan are hereinafter collectively referred to as "Defendants"). Plaintiff alleges that he suffered injuries on or about February 3, 2022, when he was rear-ended by a vehicle owned by Ruan, operated by Greer (an employee of Ruan), and insured by Ace. (R. Doc. 1-2 at 1-2,4).

On October 27, 2022, Plaintiff propounded Interrogatories and Requests for Production of Documents on Ace and Greer. (R. Doc. 22-4). On November 3, 2022, Plaintiff propounded Interrogatories and Requests for Production of Documents on Ruan. (R. Doc. 22-4).

On December 21, 2022, the parties conferred and Defendants advised that their responses would be submitted the following week. (R. Doc. 22 at 1). Defendants did not provide their responses as stated.

On January 3, 2023, the parties participated in a discovery conference to discuss Defendants' outstanding discovery. (R. Doc. 22 at 2; R. Doc. 22-7). During the conference, the parties agreed that Defendants would provide their responses by January 17, 2023. (R. Doc. 22 at 2; R. Doc. 22-7).

On January 23, 2023, having not received the responses as agreed upon, Plaintiff notified Defendants that he would file a motion to compel if Defendants' responses were not received by the following morning. (R. Doc. 22-8).

On January 24, 2023, Plaintiff filed the instant Motion to Compel.

On February 14, 2023, Ruan filed the instant Motion for Protective Order.

## II.     Motion for Protective Order

### A.     Arguments of the Parties

The Court first turns to Ruan's Motion for Protective Order. The proposed protective order would allow the parties to designate "certain documentation, videos, and other materials" that "may contain sensitive commercial information, proprietary content, trade secrets, confidential research and development, and/or competitively confidential materials" as "Confidential and Proprietary." (R. Doc. 23-2 at 2). If designated, the documents may not be (1) "photocopied or reproduced for any means other than the [instant] lawsuit without the prior

consent of counsel for" Ruan; (2) "used for any other litigation or purpose whatsoever;" and (3) "disseminate[d] orally, in writing, or by any other means…to any person not authorized to examine documents under the protective order." (R. Doc. 23-2 at 2-3). Ruan further requests that any expert that reviews documentation submitted by Ruan be required to submit a "written statement confirming the expert's agreement to comply with every element of" the protective order, "and that all counsel and their experts agree that any documentation, videos, and other materials shall be returned to counsel for" Ruan. (R. Doc. 23-2 at 3).

Plaintiff argues that Ruan fails to show good cause for the issuance of a protective order. Particularly, Ruan fails to specify the harm or serious injury it would incur in the absence of same. (R. Doc. 29 at 4). Plaintiff further disputes Ruan's request to control the dissemination of the designated documents. Plaintiff asserts that he may "do what [he] wants with material obtained through the discovery process, as long as [he] wants to do something legal." (R. Doc. 29 at 2) (citing *Harris v. Amoco Production Co.,* 768 F.2d 69, 683-84 (5th Cir. 1985)).

Additionally, Plaintiff argues that Ruan's proposed protective order is prejudicially burdensome for three reasons. First, Plaintiff contends that requiring a witness to sign a statement that warns them of the sanctions they may incur if they violate the protective order would deter witnesses from providing testimony. (R. Doc. 29 at 5). Second, the requirements of the protective order "would cause unnecessary litigation and motion practice." (R. Doc. 29 at 5). Particularly, any opposition to the designation of a document as "Confidential and Proprietary" will require unnecessary "motion practice and adjudication by this Court." (R. Doc. 29 at 6). Plaintiff asserts that if Ruan has concerns over certain documents, Ruan "should have *timely* requested a protective order specific to those limited items." (R. Doc. 29 at 6) (emphasis in original). Finally, the protective order will burden Plaintiff by requiring him to (1) catalog

documents "outside of his normal filing process in order to flag 'confidential' documents," and (2) "destroy[] all such documents at the conclusion of this litigation." (R. Doc. 29 at 6).

### B.     Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within his scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The Court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

### C. Analysis

As an initial matter, Ruan's Motion for Protective Order fails to include the certificate of good faith conference required by Rule 26(c)(1) of the Federal Rules of Civil Procedure. This issue, however, is not raised by Plaintiff, and the merits are fully briefed. Accordingly, in the interest of judicial efficiency, the Court will address the merits of the motion.

This circuit recognizes three types of protective orders: (1) specific, (2) blanket, and (3) umbrella. One on side the spectrum are specific protective orders, which cover specific, identified information. *Cox Operating, LLC v. ATINA, M/V*, No. CV 20-2845, 2021 WL 5405259, at *2 (E.D. La. Oct. 1, 2021). On the opposite side of the spectrum are umbrella protective orders, which provide for the designation of all discovery as protected without any screening by either the parties or the court. *Id.* at *2. In the middle of the spectrum are blanket protective orders, which require the parties to designate as protected "documents which they in good faith believe contain trade secrets or other confidential commercial information and which are usually agreed to by the parties and approved of by the courts." *MBA Eng'g Inc. v. Matrix Tr. Co.*, No. 3:20-CV-01915-E, 2023 WL 2619172, at *2 (N.D. Tex. Mar. 23, 2023). Blanket protective orders are routinely used in cases between direct competitors. *Holland v. Summit Autonomous, Inc.,* No. Civ.A. 00-2313, 2001 WL 930879, at *2 (E.D. La. Aug. 14, 2001)

Here, Ruan's proposed protective order falls under the category of a blanket protective order. According to Ruan, the purpose of the protective order is to protect "certain documentation, videos, and other materials" that "may contain sensitive commercial information, proprietary content, trade secrets, confidential research and development, and/or competitively confidentially materials." (R. Doc. 23-1 at 2). Ruan, therefore, requests that the parties be required to screen "certain documentation, videos, and other material" to determine if they

should be deemed "Confidential and Proprietary" and subjected to the terms of the proposed protective. (R. Doc. 23-2 at 2).

Even in the case of a blanket protective order, Ruan bears the burden of justifying the confidentiality of the documents sought to be covered. *See Cippollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1122 (3d Cir. 1986) (even when there is an umbrella protective order, "the burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order."). It is not enough for Ruan to assert that "certain" unspecified documents "may" contain sensitive, proprietary information or trade secrets. As this district previous explained, "[t]here is no absolute privilege for trade secrets and similar confidential information." *Occidental Chem. Corp. v. Louisiana Public Service Com'n,* Nos. 06-894-JJB-DLB, 06-903-JJB-DLB, 2008 WL 566833, at *2 (M.D. La. Feb. 29, 2008) (citations omitted). "To resist, discovery under [Fed. R. Civ. P. 26(c)(1)(G)], a party must first establish that the information sought is a trade secret or other confidential information and then demonstrate that its disclosure would cause an identifiable, significant harm." *Id.* "That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations or potential harm." *Id.*

Ruan has not met its burden of demonstrating the significant harm it would incur in the absence of the blanket protective order—i.e., good cause. First, Ruan and Plaintiff are not competitors. Second, Ruan has not indicated what information that may be considered proprietary or trade secrets. Finally, Ruan's Motion for Protective order is bereft of "specific demonstrations" of the harm or serious injury it would suffer if the protective order were not granted. *Occidental Chem. Corp.,* 2008 WL 566833, at *2. The absence of same is fatal to Ruan's motion. Without providing the Court any particular and specific justification of the need

to protect from discovery unspecified documents or information, the Court finds that Ruan has "not established the required good cause." *Toro v. Coastal Industries, LLC,* No.17-532-JWD-RLB, 2018 WL 2090189, at *6 (M.D. La. May 4, 2018) (internal quotations omitted). Therefore, Ruan's Motion for Protective Order is denied.

### III.  Plaintiff's Motion to Compel

#### A.  Arguments of the Parties

The Court now turns to Plaintiff's Motion to Compel. Therein, Plaintiff asks the Court to compel Defendants to provide complete answers and responses to all of Plaintiff's interrogatories and requests for production of documents without objections. (R. Doc. 22 at 2). Plaintiff further requests the Court to order Defendants to pay Plaintiff for the attorney fees associated with the filing of the motion. (R. Doc. 22 at 2).

In opposition, Defendants' counsel asserts that the failure to provide responses is not the result of the action or inaction of Defendants. (R. Doc. 24 at 1). Instead, their responses have not been submitted because defense counsel is the sole caregiver of his 91 year old mother, who suffered a stroke after Christmas 2022. (R. Doc. 24 at 2). Defense counsel does not object to "compelling the full and complete discovery answers and responses within" fourteen (14) days. (R. Doc. 24 at 2). Defense counsel, however, asks that the Court withhold "any discretionary sanctions[,] including waiver of objections or award of attorney's fees." (R. Doc. 24 at 3).

In reply, Plaintiff points out that Defendants' responses were due well before defense counsel's mother's illness. (R. Doc. 27 at 1). Ace and Greer's responses were due by November 27, 2022, and Ruan's responses were due by December 3, 2022. (R. Doc. 27 at 2). Additionally, at no point in their correspondence—including the Rule 37 conference on January 3—did defense counsel or his colleagues indicate his difficulty with submitting responses. (R. Doc. 27 at

3). Plaintiff first heard of defense counsel's family issue in Defendants' opposition to Plaintiff's Motion to Compel. (R. Doc. 27 at 3).

Plaintiff further argues that he has been prejudiced by Defendants' delay in responding to discovery. Particularly, Plaintiff's discovery requests a copy of a "video that purportedly captured the events of the" underlying accident. (R. Doc. 27 at 3-4). According to Plaintiff, this video may indicate if additional parties need to be added to the instant lawsuit and if expert witnesses need to be retained. (R. Doc. 27 at 4). Plaintiff's deadline to join parties has already expired and their deadline to disclose expert witnesses expired on March 3, 2023.[1] (R. Doc. 27 at 4). Moreover, Plaintiff "does not have any of the information in" Defendants' "possession," which is needed for Plaintiff to "make a decision on the best way to prosecute his case." (R. Doc. 27 at 4).

### B.     Legal Standard

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b).

---

[1] On March 13, 2023, the Court granted Plaintiff's Consent Motion for Extension of Discovery Deadlines. The deadline for Plaintiff to submit his expert witness list was extended to May 2, 2023, and his expert reports deadline was extended to September 29, 2023. (R. Doc. 30).

Unless stipulated to by the parties pursuant to Rule 29 or otherwise ordered by the Court, the responding party must respond within 30 days after being served with the interrogatories or requests for production of documents. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). The parties may not agree, however, to any extension of time that would otherwise "interfere with the time set for completing discovery." Fed. R. Civ. P. 29(b).

If a party fails to answer interrogatories or permit inspection as required under Rule 33 and 34, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### C.    Analysis

The Court finds that Plaintiff has met his burden of proving that the Motion to Compel should be granted. Plaintiff propounded discovery on Ace and Greer on October 27, 2022. (R. Doc. 22-4). He later propounded discovery to Ruan on November 3, 2022. (R. Doc. 22-4). Accordingly, Defendants' responses were due by November 27, 2022, and December 3, 2022, respectively. Defendants failed to submit their responses by the deadline required by the Federal Rules of Civil Procedure. Therefore, Plaintiff held a discovery conference pursuant to Rule 37, during which Plaintiff agreed to extend Defendants' deadline to January 17, 2023. (R. Doc. 22 at 2; R. Doc. 22-7). To date, it does not appear that Defendants have submitted any written responses or objections to Plaintiff's discovery requests.

In opposition to Plaintiff's Motion to Compel, Defendants do not note any objections to or impropriety with the discovery propounded by Plaintiff. Importantly, Defendants do not even object to granting the compulsion of their responses within fourteen (14) days of this order. (*See*

R. Doc. 24 at 2). Defendants' sole objection to the motion is the issuance of "any discretionary sanctions[,] including waiver of objections or award of attorney's fees." (R. Doc. 24 at 3).

Defendants argue that discretionary sanctions are not warranted because the delay in submitting responses was not the result of their own action or inaction. (R. Doc. 24 at 1). Instead, it is solely the fault of Defendants' counsel. (R. Doc. 24 at 1).

The Court first notes that Plaintiff's request to compel Defendants to respond to discovery without objection is not unreasonable or against the general practice of this circuit. *See In re United State,* 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Because Defendants did not submit written responses or objections to Plaintiff's discovery requests within thirty (30) days after they were served or within the extension of time agreed upon by the parties, the Court finds that Defendants have waived their objections to the discovery requests. Accordingly, the Court will require Defendants to provide responses to Plaintiff's Interrogatories and Requests for Production of Documents, served on November 27, 2022 and December 3, 2022, without any objections other than those pertaining to an applicable privileges or immunities.

With respect to attorney's fees, the Court will award Plaintiff reasonable attorney's fees for bringing the instant Motion to Compel. Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See Nguyen v. Louisiana State Board of Cosmetology,* 2016 WL 67253, at *3 (M.D. La. Jan 5, 2016) ("Because the Court has granted Defendant's Motion to Compel and no exception apply,

Defendant is entitled to an award of reasonable expenses, including attorney's fees."). The "court must not order" an award of expenses if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

Accordingly, the Federal Rules of Civil Procedure mandates the Court to order an award of attorney's fees, unless circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). While the Court is sympathetic of defense counsel's circumstances, said circumstances do not make an award of attorney's fees unjust. As Plaintiff points out, Defendants' discovery responses were due well before the medical condition presented. (*See* R. Doc. 27 at 2). Additionally, the record indicates that Defendants' undersigned counsel is not the only counsel of record. Nor is he lead counsel of record. Certainly, one of the other four enrolled attorneys could have prepared Defendants' discovery responses.

Nevertheless, Rule 37(a)(5)(A) allows the Court to impose sanctions on the attorney (rather than the party) whose conduct necessitated motion. Because Defendants argue that the delay in responding to Plaintiff is solely the fault of their counsel, the Court orders that the expenses and fees incurred by Plaintiff in filing the instant Motion to Compel be paid by Defendants' undersigned counsel.

Finally, Plaintiff has not specified the amount of attorney's fees that would be reasonable. Nor has he submitted evidence of the amount of attorney's fees incurred. Accordingly, the Court will follow the jurisprudence of this district for similar motions and order an award of $500.00. *See Clark v. GEICO Gen. Ins. Co.,* No.16-862-SDD-EWD, 2017 WL 2957813, at *3 (M.D. La. July 11, 2017) (finding an award of $500.00 is reasonable where defendant did not claim a specific amount of expenses incurred in filing the motion to compel).

## IV.     Conclusion

**IT IS ORDERED** that Ruan Transport Corporation's Motion for Protective Order (R. Doc. 23) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery Responses from Defendants, Ace American Insurance, Ruan Transport Corporation, and Carl A. Greer (R. Doc. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants shall provide written responses to the outstanding Interrogatories and Requests for Production of Documents within **fourteen (14) days** of the date of this Ruling and Order. Defendants' answers and responses shall not include objections other than those pertaining to applicable privileges and/or immunities.

**IT IS FURTHER ORDERED** that Plaintiff's request for reasonable attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED,** and Defendants are **ORDERED** to pay Plaintiff $500.00 for the reasonable attorney's fees he incurred in filing the Motion to Compel.

**IT IS FURTHER ORDERED** that, for good cause shown, the Motion for Extension of Time (R. Doc. 33) is **GRANTED**, and the Scheduling Orders (R. Docs. 20 and 30) are amended as set forth below.[2] In light of the current deadline to complete fact discovery and the pendency of the Motion to Compel, the Court also finds good cause to extend that deadline. Any other extensions can be sought by motion after the parties confer.

---

[2] All deadlines are repeated for ease of reference. New deadlines are indicated in bold type.

1. The deadline to join other parties or to amend the pleadings is Expired.[3]

2. Discovery must be completed as follows:

    a. Exchanging initial disclosures required by F.R.C.P. 26(a)(1): Expired.

    b. **<u>Filing</u>** all discovery motions and **<u>completing</u>** all discovery except experts: **August 31, 2023**.

    **NOTE:** Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

    c. Disclosure of identities and resumés of experts:

    Plaintiff(s):       Expired.

    Defendant(s):   Expired.

    d. Expert reports must be submitted to opposing parties as follows:

    Plaintiff(s):       September 29, 2023.

    **Defendant(s):   October 23, 2023.**

    e. Discovery from experts must be completed by December 15, 2023.

3. Deadline to file dispositive motions and Daubert motions: February 15, 2024.

4. Deadline to file pre-trial order: August 13, 2024.[4]

    Prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

5. Deadline to file motions in limine: August 19, 2024.

    Any responses to Motions in Limine shall be filed within seven (7) days after the filing of the motion.

---

[3] Motions to amend pleadings or join parties will need to demonstrate good cause.
[4] Motions to extend or otherwise modify this date and the dates/deadlines that follow shall be directed to the district judge.

6. Deadline to file an affidavit of settlement efforts: July 29, 2024.

7. Pre-trial conference date: August 27, 2024 at 2:30 p.m. in the chambers of the Honorable Shelly D. Dick.

8. Deadline to submit joint jury instructions, voir dire, and verdict forms to the presiding judge: August 19, 2024.

   The information regarding the Honorable Shelly D. Dick's pretrial order may be found on the court's website at (http://www.lamd.uscourts.gov) under "Judges' Info."

9. A 5-day jury trial is scheduled for 9:00 a.m. beginning on September 9, 2024 in Courtroom 3.

Signed in Baton Rouge, Louisiana, on June 29, 2023.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**